PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARLOS MELÉNDEZ ET AL., Defendants, MELÉNDEZ appealing.

No. 5521. Argued November 16, 1934.—Decided December 21, 1934.

*Burset & Pérez Pimentel* and *Lucas F. Serbiá* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Carlos Meléndez and Gregorio Peña, the first as owner of a milk stall, and the second as his employee, were charged with having on sale adulterated milk. Both were arraigned March 30, 1933, and pleaded not guilty. January 22, 1934, was fixed as the day of the trial. Carlos Meléndez was cited but did not appear either in person or by attorney. Peña was present and the trial proceeded. Both defendants were convicted and a fine of $25 was imposed on each. On the following day, January 23, Meléndez moved for a reconsideration of the judgment and a new trial. He stated in his motion that on the day of the trial he had been sick in bed with a severe case of grippe and fever. He also expressed his belief that he had a good and meritorious defense be-

cause he had not done any of the things imputed to him. In this motion Meléndez appeared by his attorney but the facts stated were unsupported by any affidavit. There was no medical certificate, no affidavit of merits and no offer to produce witnesses. There was nothing to show why the motion could not have been presented at or before the trial as well as within 24 hours after conviction. Defendant appealed from a judgment of conviction and says that the district court erred in proceeding to trial and in pronouncing judgment in the absence of the defendant, Meléndez; also that the court erred in refusing to reconsider that judgment and in not giving defendant an opportunity to be heard in his defense. Appellant relies on Sections 11, 179 and 311 of the Code of Criminal Procedure, Section 2 of the Organic Act, 8 R.C.L. 90, Section 48, *Ex Parte Dessús,* 4 P.R.R. 166, *Ex Parte Bird,* 4 P.R.R. 223, *León Lugo* v. *People,* 40 P.R.R. 42, and *People* v. *Sierra,* 44 P.R.R. 76.

■■ Section 2 of the Organic Act provides:

"That in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense, to be informed of the nature and cause of the accusation, to have a copy thereof, to have a speedy and public trial, to be confronted with the witnesses against him, and to have compulsory process for obtaining witnesses in his favor."

Sections 11, 179 and 311 of the Code of Criminal Procedure reads as follows:

"Sec. 11.—In a criminal action the defendant is entitled:

"(1) To a speedy and public trial.

"(2) To be allowed counsel, or to appear and defend in person and with counsel.

"(3) To produce witnesses on his behalf.

"(4) To be confronted with the witnesses against him in the presence of the court, except that there the charge has been preliminarily examined before a prosecuting attorney or a justice of peace, or where the testimony of a witness on the part of the people who is unable to give security for his appearance has been taken in

the presence of the defendant, who has either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness, the deposition of such witness may be read, upon its being satisfactorily shown to the court that he is dead or insane, or cannot with due diligence be found within Porto Rico.

"The examination of witnesses by the prosecuting attorney as provided for in section three must be in private, and he shall not interrogate witnesses produced for the defendant except during the public trial."

"Sec. 179. If the prosecution be for a felony, the defendant must be personally present at the trial; but if for misdemeanor, the trial may be had in the absence of the defendant; if, however, h's presence is necessary for the purpose of identification, the court may, upon application of the prosecuting attorney, by an order or warrant, require the personal attendance of the defendant at the trial."

"Sec. 311. For the purpose of judgment, if the conviction is for felony, the defendant must be personally present; if for a misdemeanor, judgment may be pronounced in his absence."

The two sections last quoted require the personal presence of the defendant in felony cases, both during the trial and at the time of pronouncing judgment whether such defendant be represented by counsel or not. The provision authorizing the court to proceed in misdemeanor cases, notwithstanding defendant's absence, is not conditioned on the presence of defendant's attorney. Whether or not the court should appoint an attorney to represent an indigent defendant is a question that does not arise in this case. At the time of the trial it appeared that the defendant was the owner of a milk stall and that he had been released on bail. It also appeared that both he and his sureties had been notified of the date fixed for the trial. There was nothing to suggest that defendant was unable to employ counsel or that his absence was involuntary. In the circumstances, the court did not err in proceeding with the trial and in pronouncing judgment in defendant's absence.

 In overruling the motion for reconsideration, the district judge thought that the showing was insufficient. It can hardly be said that he was clearly wrong in this and un-

less he was clearly wrong there was no abuse of discretion. It is not the law that the defendant in a misdemeanor case may, by taking advantage of his bail, voluntarily absent himself from the trial and then demand that a judgment of conviction be set aside because of his absence during the trial and at the time of pronouncing judgment. The showing regarded by the district judge as insufficient was as we have shown doubtful and unsatisfactory. Beyond this we need not go at this time because defendant did not appeal from the order overruling his motion, and the question sought to be raised by the second assignment is not properly before us.

The judgment appealed from must be affirmed.